UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF LOUISIANA

**CLENANT NICKLES**                                    **CIVIL ACTION**

**VERSUS**                                             **NO. 05-6296**

**WAYNE G. CRESAP, JUDGE**                             **SECTION "R"(5)**


                          <u>REPORT AND RECOMMENDATION</u>

    This 42 U.S.C. §1983 proceeding was filed <u>in</u> <u>forma</u> <u>pauperis</u> by <u>pro</u> <u>se</u> plaintiff, Clenant Nickles, against the Honorable Wayne G. Cresap, a 34th Judicial District Court Judge for the Parish of St. Bernard, State of Louisiana.  While Nickles is presently incarcerated in the Pearl River County Jail located in Poplarville, Mississippi, the instant action does not concern his present incarceration.  Instead, it concerns his alleged unlawful detention for a period of five days in the St. Bernard Parish Jail for which Nickles seeks damages in the amount of $50,000.00.

    Nickles alleges that on June 14, 2005, upon his release from Orleans Parish Prison, he was, pursuant to an invalid arrest warrant, "intercept[ed]" by an unnamed St. Bernard Parish Sheriff Deputy and placed in the St. Bernard Parish Jail for a period of


five days in connection with a charge for which plaintiff had already served his time. Plaintiff complains that this unlawful incarceration took place despite the fact that approximately two months earlier, on March 12, 2005, he filed a motion with defendant, Judge Cresap, to vacate the invalid warrant.

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds by Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); *Booker*, 2 F.3d at

116.

For more than one hundred years, judges have been held immune from liability for judicial acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335 (1871)); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996).  "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in his judicial role." *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); *accord Mays*, 97 F.3d at 110-11.  This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. *Stump*, 435 U.S. at 356-57; *Pierson v. Ray*, 386 U.S. 547, 554 (1967), *overruled in part on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982), *as recognized by Hill v. Shelander*, 992 F.2d 714, 716 (7th Cir. 1993); *Mays*, 97 F.3d at 110-11.  Judicial officers are absolutely immune from liability for damages unless they are without jurisdiction. *Id.* at 111; *Dayse v. Schuldt*, 894 F.2d 170, 172 (5th Cir. 1990); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988).  Clearly, plaintiff's claim against Judge Cresap, arising from Judge Cresap's failure to grant his motion to vacate the allegedly invalid arrest warrant issued against him, falls under the broad category of claims for which Judge Cresap is immune from liability.

Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that plaintiff's §1983 action be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __4th__ day of __October__, 2006.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE